UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:07-cr-24-RLY-CMM-03 |
| | ) | |
| BRIAN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

The United States, by counsel, respectfully submits this response in opposition to the motion for compassionate release filed by Brian Jones. (Dkt. 917). Jones claims that his sentence of 300 months' imprisonment should be reduced under recently adopted section 1B1.13(b)(6) of the Sentencing Guidelines. (*Id.* at 6-7.)

Jones' motion must fail. First, Jones has not proven that he has exhausted his administrative remedies. Second, none of the allegedly extraordinary and compelling reasons for a sentencing reduction that the defendant proffers have any validity. Third, the factors contained in 18 U.S.C. § 3553(a) do not support a sentence reduction in Jones' case.

The Court should deny Jones' motion in its entirety.

**I. FACTUAL & PROCEDURAL BACKGROUND**

On February 27, 2008, a federal grand jury indicted Jones and nine

other defendants in an eight-count Indictment. (Dkt. 74.) The Indictment charged Jones with the offense of conspiracy to distribute controlled substances (Count One). On November 14, 2008, a jury convicted Jones of Count One of the Indictment. (Dkt. 910 ¶ 7.) The United States Probation Office prepared a presentence investigation report and found that Jones qualified as a career offender because he had sustained two prior felony dealing convictions. (*Id.* ¶¶ 25, 42.) Consequently, his sentencing guidelines range became 360 months to life imprisonment. (*Id.* ¶ 77.) Because he had sustained two prior felony drug convictions, however, he faced a statutory mandatory minimum of life imprisonment. (*Id.*) This Court subsequently sentenced Jones to life imprisonment. (Dkt. 395.) Jones' conviction was sustained on appeal. *United States v. Jones,* 600 F.3d 847 (7th Cir. 2010). Jones later filed several motions pursuant to 28 U.S.C. § 2255, all of which were denied. (Dkt. 666, 667, 706, 707, 761.)

Following the passage of the First Step Act, Jones filed a motion to reduce his sentence under section 404(b) of the Act. (Dkt. 800.) The Court granted Jones' motion and reduced his sentence to 300 months' imprisonment. (Dkt. 852). Not satisfied with receiving a below-guidelines sentence, Jones filed another motion pursuant to 28 U.S.C. § 2255 accusing his lawyer of rendering ineffective assistance by failing to file a timely notice of appeal. (Dkt. 905.) This Court dismissed the motion. (Dkt. 906.)

## II. ARGUMENT

### A. The Defendant Has Not Exhausted His Administrative Remedies

The Seventh Circuit has held that the exhaustion requirement of the First Step Act constitutes a mandatory claim-processing rule that must be enforced. *United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021).

The defendant has not proven that he has exhausted his administrative remedies. In the case at bar, the defendant asserts that he submitted requests for compassionate release to prison wardens on March 23, 2023 and May 2, 2023. (Dkt. 917 at 2.) The defendant has not offered any proof that he submitted these requests, by attaching the requests to his motion or otherwise.

Moreover, even if he did submit requests for compassionate release nine months or more ago, the defendant has not articulated the bases that he submitted in support of his request for compassionate release at that time. The reasons that the defendant proffered when submitting the request for compassionate release become important. Where a defendant submits a request for compassionate release for one reason, and then files a motion for compassionate release with a court based upon a second reason, the defendant has failed to give the administrative review process a meaningful opportunity to consider his case. The fact that the defendant did not give the administrative review process a meaningful opportunity is clear in this case. In this case, the motion that the defendant filed with the Court requests compassionate review based upon the provisions of U.S.S.G. § 1B1.13(b)(6). This section of the

Sentencing Guidelines did not even exist until November 1, 2023. Thus, the defendant could not have submitted a request for relief to the warden on this basis in either March or May 2013. As a result, the defendant could not have given the administrative process the meaningful ability to review his claim.

The proper exhaustion of administrative remedies requires the BOP to address issues before they are brought into federal court. *United States v. Williams,* 987 F.3d 700, 703 (7th Cir. 2021). An inmate does not exhaust his administrative remedies when he files a grievance on one ground, and then sues in court on an unrelated ground. *Id.* at 703-04. Even if the defendant did file a document with a prison warden in March or May of 2023, he must have proceeded in precisely this manner in this case – he presented a grievance to the BOP in March or May of 2023 and now relies upon an entirely new condition, a condition that did not even exist when he filed his grievance with the BOP, in his district court pleadings.

He has failed to exhaust his administrative remedies and the Court must dismiss his motion for compassionate release on that basis.

### B. None of the Reasons Proffered by the Defendant Constitute an Extraordinary and Compelling Reason Justifying Compassionate Release

The defendant argues that the following circumstances constitute an "extraordinary and compelling" reason justifying compassionate release – (1) a change in sentencing law that invalidates his career offender status; (2) the need to care for his elderly mother; and (3) evidence of his rehabilitation. (Dkt.

4

917 at 1.) None of these proffered reasons constitute an extraordinary and compelling reason to support a claim of compassionate release, either because they are not supported in fact or by law.

1. **Alleged Change in Sentencing Law**

The defendant first argues that a change in sentencing law occurred that invalidates Jones' career offender status. Specifically, Jones argues that the Seventh Circuit's decision in *United States v. De La Torre,* 940 F.3d 938 (7th Cir. 2019), holds that the defendant's dealing convictions under Indiana Code § 35-48-4-1(a)(1) do not constitute convictions for a "controlled substance offense" under the Sentencing Guidelines. (Dkt. 917 at 1-2.) The defendant's argument is incorrect. *De La Torre* actually holds that Indiana Code § 35-48-4-1(a)(1) does not constitute a "felony drug offense" under 21 U.S.C. § 802(44). *De La Torre,* 940 F.3d at 951-52. *De La Torre* does not consider whether the Indiana statute qualifies as a "controlled substance offense" under the Sentencing Guidelines. *Id.* Instead, the Seventh Circuit has held that Indiana Code § 35-48-4-1(a)(1) does constitute a "controlled substance offense" under the Sentencing Guidelines.[1] *United States v. Smith,* 921 F.3d 708, 716 (7th Cir.

---

[1] The defendant's argument constitutes a clear misstatement of law that borders on the absurd. The preparer of the motion cited *United States v. Ruth* in the motion, which implies that he read the case. (*See* Dkt. 917 at 6-7.) In fact, the motion specifically noted the Seventh Circuit's holding in *Ruth* that the Indiana dealing statute did not qualify as a "felony drug offense" under the Controlled Substances Act. The defendant, however, totally ignored another holding in *Ruth* that an identical Illinois dealing statute qualified as a "controlled substance offense" under the Sentencing Guidelines. Lawyers have an ethical duty to advise courts about contrary legal authority. This ethical duty was not followed in the motion for compassionate release filed by the defendant.

5

2019); *United States v. Jones,* 56 F.4th 455, 503 (7th Cir. 2022); *United States v. Ruth,* 966 F.3d 642 (7th Cir. 2020) (holding that identical Illinois drug statute was "controlled substance offense" under Sentencing Guidelines).

Because Indiana Code § 35-48-4-1(a)(1) constitutes a "controlled substance offense" under the Sentencing Guidelines, and the defendant sustained two convictions for this violation, he remains a "career offender" under the Sentencing Guidelines. Jones' argument that *De La Torre* constituted a change in the law is false. Consequently, no change in law occurred that could constitute an extraordinary and compelling reason to justify compassionate release.

### 2. Need to Care for Elderly Mother

In the beginning of the motion, the defendant proffers the need to care for his elderly mother as a basis for compassionate relief. (Dkt. 917 at 1.) Later in the brief, the defendant concedes that this assertion does not present an extraordinary and compelling reason to justify his release. (*Id.* at 11.)

The government agrees that the defendant has not established that the condition of his mother constitutes an extraordinary and compelling reason to justify compassionate release, as the defendant has presented no evidence of his mother's incapacitation. *See* U.S.S.G. § 1B1.13(b)(3).

### 3. Evidence of Rehabilitation

The defendant argues that the facts that he has not been disciplined since 2019 and that the BOP assigns him at a "medium risk recidivism" level

establishes that he has become rehabilitated. (Dkt. 917 at 13-14.) The government believes that these facts, coupled with a recitation of statistics, does not establish rehabilitation. In any event, the standards governing compassionate release motions establish that rehabilitation, by itself, does not constitute an extraordinary and compelling reason justifying compassionate release. U.S.S.G. § 1B1.13(d). Because the defendant has not offered any other evidence that may even remotely qualify as an extraordinary and compelling reason, his claim must fail.

### C. The Factors Contained in 18 U.S.C. § 3553(a) Independently Preclude Relief

In deciding whether to reduce a sentence, the Court should assess the sentencing factors stated in 18 U.S.C. § 3553(a). These require consideration of the applicable Guidelines range as well as all other pertinent information about the offender's history and conduct.

First, Jones's Sentencing Guideline ranges militates against a sentence reduction. His guideline range, as calculated irrespective of the statutory sentence, is unchanged. Because he remains a career offender, U.S.S.G. § 4B1.1(b) sets his offense level of 37. (Dkt. 910 ¶ 65.) His offense level remains 37. *See* U.S.S.G. § 4B1.1(b). Similarly, his criminal history category remains VI. *Id.* Thus, his guideline range remains 360 to life. This Court should not grant relief to a defendant whose pertinent sentencing status is unchanged from when he was sentenced and resentenced.

But Jones—disconnected from his guideline range—has requested a

7

sentence of between 151 and 188 months. (Dkt. 917 at 7.) Such a sentence would be an unwarranted windfall. His requested sentence would become less than half of his current guideline range.

Such a sentence would not reflect the severity of his offense. Jones was a "higher-level" distributor of an interstate drug conspiracy that sold large amounts of controlled substances in the Evansville area. (Dkt. 910 ¶¶ 10, 14, 19.) Nor does it reflect Jones's history and characteristics. 18 U.S.C. § 3553(a)(1). In addition to his drug conspiracy, Jones lived a life of crime, running the gamut from drug offenses to child molestation:

- 1995, possession of marijuana;
- 1996, resisting law enforcement;
- 1996, dealing in cocaine;
- 1996, child molesting;
- 1996, reckless driving;
- 1997, public intoxication;
- 2002, visiting a common nuisance;
- 2002, dealing in cocaine;
- 2002, possession of a handgun by a serious violent person;
- 2002, dealing in marijuana;
- 2002, dealing in marijuana; and
- 2002, intimidation.

(Dkt. 910 ¶¶ 30–38.) Jones is a career offender—and, even without that status, his criminal history category is still V. (*Id.* ¶¶ 42–43.)

Nor have prior lengthy sentences deterred him. He has been sentenced to prison for two, three, four, four, six, and seven years (some concurrent). (*Id.*) But, each time, he returned to crime. The sentencing factors contained in 18 U.S.C. § 3553(a) weigh against the defendant's release from prison.

### III.   CONCLUSION

Because the defendant has not exhausted his administrative remedies, the Court must deny his motion for compassionate release.

Assuming *arguendo* that the Court believes that he has exhausted his administrative remedies, he has not shown a change in the law that would constitute an extraordinary and compelling reason to justify compassionate relief under U.S.S.G. § 1B13(b)(6).[2] Likewise, he has not established an extraordinary reason based upon his family circumstances or rehabilitation.

Finally, the sentencing factors outlined in 18 U.S.C. § 3553(a) do not support Jones' release from prison.

Consequently, the Court should deny the defendant's motion for compassionate relief.

---

[2] The government has other reasons for opposing the defendant's request for compassionate relief under U.S.S.G. 1B1.13(b)(6) that it has articulated in other responses. *See United States v. Spaulding,* 1:07-cr-00034-SEB-KPF-01, Dkt. 279 at 17-41. The government has omitted this argument in this Response for sake of brevity and the obvious lack of merit of the defendant's claim. The government, however, incorporates this argument pertaining to the validity of U.S.S.G. 1B1.13(b)(6) by reference.

9

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By: *s/ Bradley A. Blackington*
Bradley A. Blackington
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 1, 2024**, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all ECF-registered counsel of record via email generated by the Court's ECF system. Parties may access this filing through the Court's system.

                                            *s/ Bradley A. Blackington*
                                            Bradley A. Blackington
                                            Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204
Telephone: (317) 226-6333